# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **TONYA ERIN STEVENS,** § | |
| § | |
| **Plaintiff,** § | **CAUSE NO. 4:16-cv-00309** |
| vs. § | |
| § | |
| **CONN'S, INC.** and § | |
| **CONN APPLIANCES, INC.** and § | |
| **CONN CREDIT CORPORATION** § | |
| § | |
| **Defendants.** | |

## PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

The Plaintiff, Tonya Stevens, respectfully moves this Honorable Court pursuant to Title 9, section 9 of the United States Code (the Federal Arbitration Act or "FAA"), and its inherent power, for an order confirming the arbitrator's award, rendered on October 5, 2018 in favor of Ms. Stevens and against Defendant Conn Appliances, Inc., in the amount of $184,700.00, plus attorney's fees and costs of $28,895.26, plus interest at the rate of $25.30 per day from January 22, 2018 to the date preceding the date of the final award, plus post-judgment interest on the sum total of the final award at the statutory rate of 5% (A true and correct copy of the Award is attached hereto as Exhibit A). Section 9 of the FAA provides that, upon application of any party to the arbitration, the court must confirm the arbitrator's award unless it is "vacated, modified, or corrected in

accordance with sections 10 and 11 of the statute." *See also Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010).

## INTRODUCTION

The Plaintiff, Tonya Stevens, sued Conn Appliances, Inc. in this Court for the Defendant's egregious violations of the Texas Debt Collection Act, Tex. Fin. Code § 392, for placing over 1,800 illegal and harassing robocalls to her cellular telephone. The Defendant's own recordings of the phone conversations revealed that Ms. Stevens begged the Defendant to stop calling her because she was sitting vigil at her Grandmother's death bed. Despite this and subsequent pleas by Ms. Stevens for the Defendant to have the decency to allow her to grieve for the loss of her loved one, Conn's called her over 1,800 times. Even after Ms. Stevens told Conn's "[Y]ou'll get your payment as soon as I bury my grandmother, quit calling me," the calls continued. Ms. Stevens went so far as to warn the Defendant and said "Okay, listen, listen. I'm going to tell you one more time. If you guys call me one more time, I'm going to sue for harassment. You guys have been calling eight to 11 times a day. And it's annoying. I hope this is being recorded to let you know my intent. You have a good day." Despite this warning, Conn's called her another 1,000 times. As any reasonable person would expect, the relentless harassment caused Ms. Stevens to suffer emotional distress.

The Complaint was filed in this Court on May 10, 2016 and the Defendant sought to compel arbitration and this case was referred to arbitration based upon the stipulation of the parties (Doc. 7). Both sides submitted summary judgment motions before a very well-known and respected attorney and arbitrator Michael Lowenberg (Mr. Lowenberg's Appointment and Oath are attached hereto as Exhibit B). On October 5, 2018, Mr. Lowenberg entered an award in favor of Ms. Stevens for $184,700.00, attorney's fees and costs of $28,895.26, interest at the rate of $25.30 per

day from January 22, 2018 to the date preceding the date of the final award, plus post-judgment interest on the sum total of the final award at the statutory rate of 5% against Conn Appliances, Inc. and in favor of Ms. Stevens. This Award has not been vacated, modified, or corrected in accordance with either section 10 or section 11 of the FAA. Accordingly, the FAA requires that the Award be confirmed by the Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order confirming the Award, entering final judgment in favor of Plaintiff in the amount of $184,700.00, attorney's fees and costs of $28,895.26, interest at the rate of $25.30 per day from January 22, 2018 to the date preceding the date of the final award, plus post-judgment interest on the sum total of the final award at the statutory rate of 5%, for which the Court should let execution issue, grant Plaintiff reasonable attorney fees and cost and grant such other relief as is just and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on November 14, 2018, which will serve an electronic copy on all parties of record.

Respectfully submitted,

*/s/ Daniel J. Ciment*

Daniel J. Ciment
Texas Bar No. 24042581
24275 Katy Freeway, Suite 400
Katy, TX 77494
833-663-3289 – Phone/Fax
Daniel@CimentLawFirm.com

Geoffrey E. Parmer, Esq.
Florida Bar No. 0989258
William Peerce Howard, Esq.
Florida Bar No. 0103330

        THE CONSUMER PROTECTION FIRM.
        4030 Henderson Blvd.
        Tampa, FL 33629
        Telephone: (813) 500-1500
        Facsimile: (813) 435-2369
        Geoff@TheConsumerProtectionFirm.com
        Billy@TheConsumerProtectionFirm.com

        *Attorneys for Plaintiff*