AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| TONYA ERIN STEVENS, | § § | |
| Claimant, | § § § | CASE NO. 01-16-0003-2324 |
| vs. | § § | |
| CONN APPLIANCES, INC. | § § § | |
| Respondent, | § § | |

## FINAL AWARD

I, Michael Lowenberg, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award dated August 30, 2018, which is confirmed, adopted, and incorporated as if fully set forth herein, do hereby, AWARD, as follows:

    1.    This proceeding is brought under the American Arbitration Association's Consumer Rules. The claimant ("Stevens") initially alleged violations of the federal Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227, *et seq.*, and was later given permission to amend and allege that the respondent ("Conn") also violated the Texas Debt Collection Act ("TDCA"), Texas Finance Code, § 392.301, *et seq.* ("TDCA"), the Texas Business and Commerce Code's section 305.053(a), which incorporates the provisions of federal TCPA, the Texas Deceptive Trade Practices Act ("DTPA"), Subchapter E of Chapter 17 of the Texas Business and Commerce Code, and the common law right of privacy.

    2.    On August 28, 2018, claimant advised that she is withdrawing her TCPA claims, but not her state law claims. I grant claimant's withdrawal of the TCPA claims, with prejudice to their

refiling. Alternatively, I grant respondent's motion for summary judgment on claimant's TCPA claims, and deny claimant's motion for summary judgment on the TCPA claims.

3. Respondent has moved for summary judgment against each state law claim.

4. Claimant moves for summary judgment on each of her state law claims, which I conclude are stated in the alternative to each other and to her TCPA claims.

5. Claimant asserts several state law claims:

(a) The Texas Commerce and Business Code's section 305.053(a) tracks the federal TCPA. Claimant's TCPA has been withdrawn; accordingly, I deny claimant's motion for summary judgment on her claim under section 305.053(a); and I grant respondent's motion for summary judgment on this claim.

(b) The Texas Debt Collection Act ("TDCA"), Texas Fin. Code Ann. § 392.302, provides:

> "In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> ***
>
> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

(c) Conn is a "debt collector" and was engaged in "debt collection" as defined in § 392.001(5) and (6). I find that by calling Ms. Stevens' cell phone 1,847 times Conn violated § 392.302(4) of the TDCA. Although Ms. Stevens consented to receiving calls from Conn, I find that she clearly did not consent to being harassed by 1,847 calls, and she did clearly put Conn on actual notice that she was being oppressed, harassed and abused by Conn. The evidence presented by claimant conclusively shows Conn's intent to use the huge number of calls to oppress, harass and abuse her as a means of debt collection. Conn's motion papers do not suggest any possible justification for 1,847 telephone calls. Both

Congress and the Texas legislature recognize that such repeated calls constitute harassment, abuse and oppression and are contrary to public policy and cause actual injury. I grant claimant's motion for summary judgment on her TDCA claim, and deny respondent's motion for summary judgment on this claim.

    (d)    Section 392.403 of the TDCA provides that:

        (a)    A person may sue for:

            ***

            (2)    actual damages sustained as a result of a violation of this chapter.

        (b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.

    ***

    (e)    Accordingly, I find that Ms. Stevens presented clear and convincing evidence that she sustained actual damages as a result of having been oppressed, harassed and abused by Conn's violations of the TDCA, and that she is entitled to recover her actual damages. This proceeding is maintained under the American Arbitration Association's Consumer Rules, and pursuant to Consumer Rules 34 and 35 I may consider the relevant and material evidence presented to me by sworn proof; and I exercise my discretion to do so. The parties have submitted testimony and evidence relating to claimant's damages, and I note that the TDCA assesses a fine "of not less than $100 or more than $500 for each violation" of its criminal misdemeanor provision, § 392.402, and civil damages of "not less than $100" for violations of other provisions in Chapter 392. Pursuant to the AAA's rules, I find that claimant Stevens has sustained "actual damages" of $100 for each of the 1,847 calls made by respondent Conn to her cell phone in violation of the TDCA, Chapter 392, for a total of $184,700. I find and conclude that exemplary damages are not warranted under CPRC §

41.003 and § 41.011 and alternatively, pursuant to § 41.010, I decline to award exemplary damages.

(f) Although a violation of the TDCA is actionable under the DTPA, I find and conclude that claimant is not a "consumer" under the DTPA, and may not recover under its provisions. I deny claimant's motion for summary judgment and grant respondent's motion for summary judgment on the DTPA claim.

(g) Claimant also brings a common law claim for harassment and invasion of privacy. I find and conclude that this common law claim duplicates the TDCA claim. I have found in claimant's favor under the TDCA, Texas Finance Code § 392.302(4), and the recovery under the TDCA includes actual damages sustained by such harassment and invasion of privacy.

6. Texas Finance Code § 392.403 entitles claimant to recover her attorney's fees and costs. Based on the evidence submitted to me, I find that the attorney's fees incurred by claimant reasonably related to the work performed are $25,000, and that her reasonable costs incurred are $3,895.26, for a total of $28,895.26.

7. The administrative fees of the American Arbitration Association, totaling $2,400.00, and the compensation of the arbitrator, totaling $3,000.00, incurred in this arbitration shall be borne as incurred.

8. Pursuant to the Texas Finance Code, Chapter 304, claimant shall recover and is awarded prejudgment interest on the actual damages of $184,700.00 from and after the date of filing of her TDCA claim on January 22, 2018, at the statutory rate of 5%, through the date preceding the date of this Final Award, which amount is $25.30 per day. Claimant shall thereafter recover and is awarded post-judgment interest on the sum total amount of this Award at the statutory rate of 5%, in accordance with the provisions of the Texas Finance Code, Chapter 304.

9. <u>Final Award Summary:</u>

(a) Actual damages of $184,700.

(b) Attorney's fees and costs pursuant to Texas Finance Code § 392.403, of $28,895.26.

(c) Prejudgment interest at the rate of $25.30 per day from and after January 22, 2018, to the date preceding the date of this Final Award.

(d) The sum total of the amounts awarded in this paragraph 9 (a) – (c) shall be paid on or before thirty days from the date of this Final Award.

(e) Post-judgment interest on the sum total of this Award as set forth in (a) – (d) of this paragraph is awarded at the statutory rate of 5%.

10. This Award is in full settlement of all claims submitted to this Arbitration. All relief not expressly granted in this Final Award is hereby denied.

Dated:   October 5, 2018

*Michael Lowenberg* (signature)
Michael Lowenberg
Arbitrator