UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

TONYA ERIN STEVENS,

    Plaintiff,

v.

CONN APPLIANCES, INC.

    Defendant.

CASE NO. 4:16-cv-00309-ALM

**PLAINTIFF'S RESPONSE TO DEFENDANT CONN APPLIANCES, INC.'S MOTION TO DISMISS PLAINTFF'S MOTION TO CONFIRM AWARD AND FOR ENTRY OF FINAL JUDGMENT [DOC. 12]**

The Plaintiff, by and through her undersigned counsel, submits this response to Defendant Conn Appliances, Inc's ("Conns") Motion to Dismiss Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment and states the following in opposition to the relief requested therein:

**INTRODUCTION**

The Plaintiff initially sued Conns in this Court for their deliberate and serial violation of the Telephone Consumer Protection Act ("TCPA") for placing over one-thousand eight-hundred harassing and abusive robocalls to Ms. Stevens' cellular telephone after she clearly and unequivocally revoked her consent to receive such calls. *See* Complaint Doc. 1, *passim.* Despite Ms. Stevens' repeated and increasingly desperate pleas for the robocalls to stop, the Defendant kept robodialing her cell phone incessantly. During Conns' very first of their endless recorded calls, Ms. Stevens was literally sitting vigil for her dying grandmother. She told Conns' debt collector "[Y]ou'll get your payment as soon as I bury my grandmother, quit calling me." Notwithstanding this clear instruction by the Plaintiff to "quit calling," Conns deliberately violated

both the TCPA and its own policies by making the mind-boggling **1,847** robodialed calls that followed thereafter. Knowing full well that Ms. Stevens was dealing with a loved one's terminal illness, Conns kept calling, prompting the Plaintiff to say "But if you guys, you keep bothering me, I will sue your ass. Do you understand me? I asked for a week, so leave me alone so I can be with my grandmother." All of these calls were recorded by the Defendant. Incredibly, Conns had a written policy claiming they honor all verbal requests by customers to stop calling, but the policy was clearly not meant to be honored.

None of Ms. Stevens' pleading could make the calls stop. Even after nearly 2000 calls, the Plaintiff continued to beg for the calls to stop, and was recorded stating:

> "Well first of all why have you guys been calling me five to seven times a day? . . . It's, it's, it's really getting ridiculous . . .You know you guys have been calling me for a year. You know from four to seven to ten times a day and I've asked and I've asked and I've asked you guys to quit calling and you won't stop."

When Ms. Stevens filed her Complaint, this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, the Plaintiff asserted a claim against Conns for violations of chapter 305 of the Texas Business and Commercial Code, over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thereafter, the parties entered into a stipulation to stay the action and refer the matter to binding arbitration. *See* Doc. 7. The Court then entered an order staying the matter pending the parties' completion of binding arbitration. *See* Doc. 8.

## THE ARBITRATION PROCEEDING

The arbitration was commenced before Michael Lowenberg, Esq. pursuant to the rules of the American Arbitration Association. During the proceedings, the Plaintiff amended her petition to assert claims for violation of the Texas Debt Collection Act ("TDCA") and the Texas Deceptive Trade Practices Act ("DTPA"). In their Motion, the Defendant alludes to some vague impropriety

in the Plaintiff's method and timing of the amendment, and 'surprise' at the Arbitrator for granting leave to amend. *See* Doc. 12, at ¶ 3. Nevertheless, the Plaintiff's arbitration claim was amended, and proceeded through arbitration on both the federal TCPA and State Law claims. Following discovery, the parties submitted cross-motions for summary judgment.

## THE ARBITRATION AWARD

The Arbitrator provided a copy of an interim award based upon the parties' summary judgment motions, but the award was never entered, and was fully withdrawn by Mr. Lowenberg. Prior to the entry of any award, the Plaintiff advised the Arbitrator that she was withdrawing her claim pursuant to the TCPA. *See* Exhibit A, attached hereto. In response, the Defendant objected to the withdrawal, and insisted that any withdrawal of the TCPA claim must be with prejudice. *See* Exhibit B. The Arbitrator did not independently rule on the request to withdraw the claim, or on the Defendant's objection, and ordered that the parties not submit any further papers directed toward the issue. *See* Exhibit C. On August 30, 2018, the Arbitrator issued his Interim Award and held that:

> On August 28, 2018, claimant advised that she is withdrawing her TCPA claims, but not her state law claims. I grant claimant's withdrawal of the TCPA claims, with prejudice to their refiling. **Alternatively, I grant respondent's motion for summary judgment on claimant's TCPA claims, and deny claimant's motion for summary judgment on the TCPA claims.**

*See* Exhibit D at ¶ 2 (emphasis added). Because the Plaintiff did not request to withdraw her TCPA claim with prejudice to her re-filing, the Arbitrator's interim award acts as a disposition of Ms. Steven's TCPA claim on the merits. The Arbitrator awarded $184,700 for Ms. Stevens' state law claims.

Following the Interim Award, the Plaintiff submitted documentation regarding her attorneys' fees and costs, to which she was entitled to recover, which the Arbitrator granted by

3

entry of the Final Award dated October 5, 2018 which is before this Court for confirmation. In response, Conns seeks to appeal the binding award of the Arbitrator by, among other things, seeking to re-litigate the Final Award in Collin County, Texas State Court, despite the fact that Ms. Stevens lives in Fannin County. In order to accomplish this, Conns makes the unsupported argument that this Court, where the action was initially filed and remains pending, does not have jurisdiction to confirm the Final Award. This argument is disingenuous, at best, because not only did this Court retain jurisdiction over the matter, but the Final Arbitration Award purports to dispose of Ms. Stevens federal TCPA claim. Incredibly, the Defendant's State Court Petition asks the Collin County Court to affirm the Arbitrator's dismissal of Ms. Stevens TCPA claim, but at the same time argues there is no federal question jurisdiction for this Court to confirm the same award. *See* Exhibit E at p. 8 (State Court Petition). This leads one to conclude that Conns is seeking to dismiss this action merely as an exercise in forum shopping. Regardless of the Defendant's purposes, this Court unquestionably has jurisdiction to proceed in this matter, and the Defendant's Motion to Dismiss should be denied.

## ARGUMENT

Conns' argument that this Court has no jurisdiction to confirm the Final Award in this matter is utterly without merit. The Defendant relies upon a tortured argument regarding the procedure leading up the Final Award to suggest that this Court has been divested of jurisdiction over this case. Conns cites no authority directly supporting its position, but rather analogizes cases dealing with motions to either compel arbitration in the first instance, or to vacate an arbitration award. The issue presented in this case has been squarely addressed in *Davis v Fenton,* 857 F.3d 961 (7th Cir. May 26, 2017). The *Davis* Court held that where an action is originally filed in federal court, and the District Judge stays the action rather than dismissing it pending a resolution in arbitration, the District Court retains jurisdiction 'not only over [a party's] request to confirm the

4

award but also over [the party's] federal-law claims." *Id.* at 963. Accordingly, because the Court has retained jurisdiction, and stayed the action at the request of both parties pending a resolution in arbitration, jurisdiction to confirm the award is established.

The Defendant seeks to confuse the issue by citing cases where the issue of whether a federal court has jurisdiction to compel arbitration under the FAA if there is no independent basis for federal jurisdiction in the underlying claim. These authorities are not remotely on point, because the original action in this case was filed in federal court, rather than an action to compel arbitration or an original action to vacate an arbitration award originating in state court or an arbitral forum. In those types of cases, the Circuit Courts are split regarding the application of *Vaden v. Discover Bank*, 556 U.S. 49 (2009), where the Supreme Court held, in connection with a motion to compel arbitration under Section 4 of the Federal Arbitration Act, that a court should determine subject matter jurisdiction by "looking through" to the claims in the underlying arbitration, and evaluating whether they arise under federal law. The Defendant cites *Smith v. Rush Retail Centers*, Inc., 360 F.3d 504 (5th Cir. 2004). That case is easily distinguished because the original action was commenced before an arbitral panel, and the court determined that "the parties were not diverse and the complaint did not allege a federal question." *Id.* at 504. In this instance, the case originated in this Court, the complaint alleges a federal question, and the matter has remained pending.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court deny Conns' Motion to Dismiss and grant such other relief as is deemed just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, I caused a copy of the foregoing to be filed with the Court's CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

Respectfully submitted,

*/s/ Daniel J. Ciment*
Daniel J. Ciment, Esquire
Ciment Law Firm, PLLC
2717 Commercial Center Blvd., Ste. E200
Katy, TX 77494
Daniel@CimentLawFirm.com
*Attorneys for Claimant*