# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TONYA ERIN STEVENS, | § | |
| | § | Civil Action No. 4:16-cv-309 |
| v. | § | Judge Mazzant |
| | § | |
| CONN'S, INC., ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment (Dkt. #11), and Defendants' 12(b)(1) Motion to Dismiss Plaintiff's Motion to Confirm Arbitration Award (Dkt. #12). After careful consideration, Defendants' Motion to Dismiss will be denied, and Plaintiff's Motion to Confirm Arbitration Award will be granted.

### BACKGROUND[1]

Defendants Conn's, Inc., Conn Appliances, Inc., and Conn Credit Corporation (collectively, "Conn") sell consumer goods. As stated in its SEC filings, Conn provides high-interest loans to "customers that are considered higher-risk, subprime borrowers." (Dkt. #1, pp. 6–7). This means that there is "a higher risk of customer default, higher delinquency rates, and higher losses than extending credit to more creditworthy customers." (Dkt. #1, pp. 6–7). When a customer defaults, Conn uses prerecorded voice messages to help collect debts that may be owed. Conn's "predictive dialer system . . . helps [it] contact . . . over 26,000 delinquent customers daily." (Dkt. #1, ¶ 43). Conn also changes its phone numbers every day to make it impossible to block its calls.

---

[1] Conn did not respond to Steven's motion to confirm arbitration award, and the deadline to do so has passed. As a result, the Court accepts the facts presented in Conn's motion to confirm arbitration award as true when ruling on that motion. *See* LOCAL RULE CV-7(D) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Plaintiff Tonya Erin Stevens is a Conn's customer that Conn believes owes it a debt. In 2015, Conn began calling Stevens daily, sometimes over ten times a day. Stevens repeatedly asked Conn to stop, informing Conn on one occasion that it called while she was sitting vigil as her grandmother passed. But Conn would not relent. One Conn employee told Stevens that the automatic calls continue until the payment is made in full. Altogether, Conn called Stevens over 1,800 times.

Stevens filed suit against Conn for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business and Commerce Code, Chapter 305. At the Parties' request, the Court referred the case to arbitration, and stayed the case. In Arbitration, Stevens voluntarily dismissed her original claims, and amended her complaint to add a claim for a violation of the Texas Debt Collection Act ("TDCA"). After finding that Conn "oppressed, harassed, and abused" Stevens in violation on the TDCA, the Arbitrator awarded $184,700 for actual damages ($100 per call), $28,895.26 in attorney's fees, and interest (Dkt. #11, Exhibit 1).

Stevens now moves to confirm the arbitration before the Court. Conn did not respond to the motion and, instead, moved to dismiss the case for lack of subject-matter jurisdiction. Stevens, in turn, argues that the TCPA claim in the original complaint establishes federal-question jurisdiction. The Court now considers the motions.

**LEGAL STANDARDS**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction can be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction authorizes original jurisdiction over "all civil actions arising

under the Constitution, laws, or treaties in the United States." 28 U.S.C. § 1331. Diversity jurisdiction authorizes the courts to have jurisdiction if the "matter in controversy exceeds the sum or value of $75,000" and the parties are diverse in citizenship. 28 U.S.C. § 1332. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

When addressing whether the federal question sufficiently meets the requirements of the courts, the "well-pleaded complaint" rule must be applied, under which "a federal question must appear on the face of the complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987); *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). If there is a concern about the validity of jurisdiction, a motion to dismiss may be raised under the Federal Rule of Civil Procedure 12(b)(1). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by the court on its own initiative, at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted).

## DISCUSSION

Because the Arbitrator dismissed the only federal claim raised, Conn asks the Court to dismiss the case for lack of subject-matter jurisdiction. Stevens counters that the Court retains federal-question jurisdiction, and asks the Court to confirm the arbitration award.

I.  **Subject-matter jurisdiction**

Conn asks the Court to dismiss this case for a lack of subject-matter jurisdiction. The Court disagrees because federal-question jurisdiction exists.

Under 28 U.S.C. § 1331, a district court has original jurisdiction when a complaint has a federal question on its face. A court also has supplemental jurisdiction over state-law claims that

3

arise from the same controversy as the federal claim. 28 U.S.C. § 1367. Conn argues that the Federal Arbitration Act ("FAA") does not independently establish federal-question jurisdiction. While the Court agrees, Stevens brought a federal claim in the original Complaint: her TCPA claim (Dkt. #1). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012) (ruling that federal courts have "federal-question jurisdiction over private TCPA suits"). This means that federal-question jurisdiction existed over that claim. *Elam*, 635 F.3d at 803 (holding that federal-question jurisdiction is established when a federal question appears on the face of the complaint). This allowed the Court to exercise supplemental jurisdiction over her state law claim since it arose from the same controversy: Conn's 1,847 calls to Stevens. 28 U.S.C. § 1367.

The Court acknowledges that Stevens has since dismissed her federal claim. But, a court may choose to exercise supplemental jurisdiction even after every federal claim is dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).[2] The decision is "purely discretionary," *id.* (citing 28 U.S.C. § 1367(c)), based on judicial economy, convenience, and fairness to the litigants, *Osborn v. Haley*, 549 U.S. 229, 245 (2007).

The Court elects to retain jurisdiction here. This case has been before the Court for three years (Dkt. #1), and the Arbitrator already ruled on the merits (Dkt. #11, Exhibit 1 at p. 5). Dismissing the case now would be grossly unjust.[3] *See* FED. R. CIV. P. 1 (discussing the Court's

---

[2] *See also Davis v. Fenton*, 857 F.3d 961, 962 (7th Cir. 2017) ("On appeal Fenton has renewed his challenge to the district judge's jurisdiction to confirm the arbitration award. But the challenge is meritless—the judge had jurisdiction over the case at the time it was filed, as it raised questions of federal law, and the judge's order staying the case (or, equivalently, administratively dismissing it subject to reinstatement at the conclusion of arbitration) retained jurisdiction to confirm or vacate an arbitral award.").

[3] Conn advises the Court to "err on the side of caution" and decide against retaining jurisdiction, warning that "there is no doubt that the parties will eventually be before the Fifth Circuit" otherwise. (Dkt. #15 at p. 3). Although the Court appreciates Conn's warnings, the Court is not concerned. Again, the Fifth Circuit has made clear that "[a] district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016) (quoting *Carlsbad Tech.*, 556 U.S. at 639). Accordingly, a court does not necessarily err even when it has not expressly contemplated whether to retain jurisdiction after the only federal claims are dismissed. *See id.* (quoting *Carlsbad Tech.*, 556 U.S. at 639–40) ("Although that 'determination may be reviewed for abuse of discretion,' it 'may not be

4

duty "to secure the *just, speedy, and inexpensive* determination of every action and proceeding.") (emphasis added).

## II. Arbitration

The Court must next consider the Motion to Confirm the Arbitration Award, which will grant the motion.

The party that challenges an arbitration award bears a heavy burden to prove the award should be vacated. *Cooper v. WestEnd Capital Mgmt., LLC*, 832 F.3d 534, 545 (5th Cir. 2013) (quoting *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 (2013)). Here, Conn did not respond to the Motion to Confirm Arbitration Award, and the deadline to do so has long passed (Dkt. #12; Dkt. #15). LOCAL RULE CV-7(E) ("A party opposing a motion has fourteen days from the date the motion was served in which to file a response."). Conn necessarily fails to meet its heavy burden as a result. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (internal quotations omitted) ("A party waives an issue if he fails to adequately brief it.").

The Court sees no reason to neglect the Arbitrator's award in any event. "Congress enacted the FAA to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts." *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 581 (2008) (alterations and quotation marks omitted). The FAA states that a "court must grant . . . an order [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9.

Only very unusual circumstances permit a court to vacate an arbitrator's decision, such as when the Arbitrator acts "outside the scope of his contractually delegated authority" or he issues an award that "simply reflects his notions of economic justice." *Oxford Health Plans*, 569 U.S. at

---

raised at any time as a jurisdictional defect.' We therefore consider only whether supplemental jurisdiction exists, not whether the district court erred in failing to consider if it should have exercised that jurisdiction if it does exist.").

5

568, 569 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)); *see also Antwine v. Prudential Bache Sec., Inc.,* 899 F.2d 410, 413 (5th Cir. 1990) ("Judicial review of an arbitration award is extraordinarily narrow."). So long as the arbitrator decides the award by the essence of the contract and the award is *rationally inferable* from the arbitration agreement, a court cannot vacate the award simply because it would have reached a different conclusion. *Timegate Studios, Inc. v. Southpeak Interactive*, 713 F.3d 797, 802 (5th Cir. 2013). "It is not enough ... to show that the [arbitrator] committed an error—or even a serious error." *Oxford Health Plans*, 569 U.S. at 569 (quoting *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 671 (2010)). Because of the legislature's intent, courts give deference to arbitrators' decisions, which effectively limits judicial review. *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014); *see Hall St.,* 552 U.S. at 581 (holding that Congress enacted the FAA with exclusive grounds to vacate or modify an award, which "replace[s] judicial indisposition to arbitration").

After careful consideration, the Court finds that the Arbitrator presented sufficient rationale to confirm the Award. The proceeding was adjudicated under the American Arbitration Association's Consumer Rules (Dkt. #11, Exhibit 1). These rules empowered the Arbitrator to review relevant material and decide the award based on the sworn testimony presented. AMERICAN ARBITRATION ASSOCIATION, CONSUMER ARBITRATION RULES (2016). The Arbitrator found that Stevens was "oppressed, harassed, and abused by [Conn's] violations of the TDCA" (Dkt. #11, Exhibit 1), citing Conn's 1,800 calls to Stevens despite her repeated pleas for Conn to stop— including one plea Stevens made while sitting vigil as her grandmother passed. The Arbitrartor's award—which was meant to compensate harms these calls caused—was not unreasonable. *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) (citing *Bentley v.*

*Bunton*, 94 S.W.3d 561, 604 (Tex. 2002)) (explaining in a TDCA case that, "[u]nder Texas law, mental anguish is a form of 'actual damages.'").

Additionally, although TEXAS FIN. CODE ANN. § 392.302 does not prescribe a specific award amount, the TDCA imposes fines for comparative violations to be at least $100 per phone call, *see* TEXAS FIN. CODE ANN. §§ 392.402(b), 392.403(e) (prescribing fines for threatening to report delinquent payments to a person who is not the consumer, or for continuing to call when the accuracy of the debt is in dispute), which the Arbitrator considered when issuing the award. Under these circumstances, the Court cannot find that the Arbitrator's award merely reflects his own notions of economic justice—especially considering that he neither awarded exemplary damages, nor anything over the minimum amount other provisions in the TDCA prescribe (Dkt. #11, Exhibit 1). "In sum, [Conn] chose arbitration, and it must now live with that choice." *Oxford Health Plans*, 569 U.S. at 573.

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. #12) is **DENIED**, and Plaintiff's Motion to Confirm Arbitration Award (Dkt. #11) is **GRANTED**.

Accordingly, pursuant to the Final Award, the Court **ENTERS JUDGMENT** in Plaintiff Tonya Erin Steven's favor for (i) $184,700 in actual damages; (ii) $28,895.26 in attorney's fees; (iii) prejudgment interest at the rate of $25.30 per day from January 22, 2018, to the date preceding the date of the Final Award ($6,476.80); and (iv) post-judgment interest at a statutory rate of 5%.

The Clerk is **DIRECTED** to close this civil action.

**IT IS SO ORDERED.**

**SIGNED this 7th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE